JUDGE JONES                    08 CV 6692

BUCHANAN INGERSOLL & ROONEY PC
A Pennsylvania Corporation
Rosemary J. Bruno (RB5815)
Peter M. Avery (PA3750)
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
(212) 440-4400
(973) 273-9800
Attorneys for Defendant
  Continental Airlines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINETTE NOAH,

                    Plaintiff,

          v.

CONTINENTAL AIRLINES, INC. and
SAMUEL SNELBOROUGH

                    Defendants.

RECEIVED
JUL 28 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Civ. Action No.

NOTICE OF REMOVAL

To:    United States District Court
       Southern District of New York
       Daniel Patrick Moynihan United States Courthouse
       500 Pearl Street
       New York, NY 10007-1312

PLEASE TAKE NOTICE THAT defendant Continental Airlines, Inc. ("Continental") is

hereby removing the above-styled action, filed on or about June 23, 2008 in the Supreme Court

of the State of New York, New York County, bearing Index No. 08-108835, to this Court

pursuant to 28 U.S.C. § 1332(a). In support of this Notice, Continental says:

       1.       On or about June 23, 2008, plaintiff filed her complaint in the Supreme Court of

the State of New York, New York County, naming Continental and Samuel Snelborough as

defendants.  Pursuant to 28 U.S.C. § 1446, true and correct copies of the Complaint and

Summons are appended hereto as Exhibit A.  To Continental's knowledge, the attached

Complaint and Summons constitute the entire records in the file of the Supreme Court of the

State of New York in this matter.  As of this date, no further filing pursuant to Local Civil Rule

81.1 is necessary.

2.      This Notice of Removal is being filed within 30 days of Continental's receipt of

the Summons and Complaint and is, therefore, timely under 28 U.S.C. § 1446(b).

3.      Plaintiff's Complaint should be removed to this Court on diversity grounds

pursuant to 28 U.S.C. § 1441.

4.      Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees on

purported claims of employment discrimination and retaliation under the New York State Human

Rights Law, the New York City Human Rights Law, the New Jersey Law Against

Discrimination, and on purported claims of negligent hiring and/or supervision under New York

and New Jersey common law.  As such, the amount in controversy exceeds $75,000 exclusive of

interest and costs.

5.      Plaintiff resides at 350 Vanderbilt Avenue, Staten Island, New York 10304.

(Summons (caption); Compl., ¶4.)

6.      Continental is a corporation incorporated in Delaware with its principal place of

business at 1600 Smith Street, Houston, Texas 77002.

7.      Continental was served with the Complaint on June 30, 2008.

8.      Defendant Samuel Snelborough resides at 1213 Kelly St., Union, New Jersey

07083.

9.    Continental understands that defendant Snelborough has been served with the Complaint.

10.    The parties are, therefore, completely diverse.

11.    Because the parties are completely diverse and the amount in controversy exceeds $75,000, this has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

12.    Because this matter is pending in New York County, which is embraced by this Court, it may properly be removed to this Court pursuant to 28 U.S.C. § 1441.

13.    Continental reserves all defenses to the complaint.

14.    Copies of this Notice of Removal are simultaneously being served upon counsel for plaintiff, counsel for defendant Snelborough, and the Clerk of the Supreme Court of the State of New York, New York County, from which this matter is removed.

WHEREFORE, Continental prays that this action proceed in this Court as an action properly removed hereto.

Rosemary J. Bruno (RB5815)
BUCHANAN INGERSOLL & ROONEY PC
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
(212) 440-4400
(973) 273-9800
Attorneys for Defendant
 Continental Airlines, Inc.

Dated: July 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Notice of Removal with annexed Exhibit A, Fed.

R. Civ. P. 7.1 Disclosure Statement, Consent of Defendant Samuel Snelborough to Removal, and

were served this day via UPS overnight delivery upon the following counsel:

> Robert C. Jacovetti, Esq.
> Frank & Associates, P.C.
> 500 Bi-County Boulevard, Suite 112N
> Farmingdale, New York 11735
> Attorneys for Plaintiff

> Michael T. Kenny, Esq.
> Fisher & Phillips LLP
> 430 Mountain Avenue
> Murray Hill, New Jersey 07974
> Attorneys for Defendant
>  Samuel Snelborough

Peter M. Avery

Newark, New Jersey
July 18, 2008

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

ANTOINETTE NOAH
       Plaintiff,

       - against -

CONTINENTAL AIRLINES, INC. and
SAMUEL SNELBOROUGH INDIVIDUALLY
AS AN AIDER AND ABETTOR
       Defendants.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

Index No.: 08/108835
Date Filed:

VERIFIED COMPLAINT

JURY TRIAL
DEMANDED

       Plaintiff, **ANTOINETTE NOAH** by and through her attorneys, **FRANK AND ASSOCIATES, P. C.,** as and for her complaint against defendants **CONTINENTAL AIRLINES, INC. and SAMUEL SNELBOROUGH** respectfully alleges:

## INTRODUCTION

1.   This is a civil action against Defendants **CONTINENTAL AIRLINES, INC.** and **SAMUEL SNELBOROUGH** individually, as an aider and abettor, for their discriminatory treatment of and retaliation against Plaintiff, **ANTOINETTE NOAH,** to remedy violations of the rights of Plaintiff under New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law sects. 290 et seq., sects. 296 et seq., New York City Human Rights Law (hereinafter "NYCHRL"), N.Y.C. Admin. Code sects. 8-107 et seq., and New Jersey Law Against Discrimination (hereinafter "NJLAD"), N.J.S.A. sects. 10:5-1 et seq., for discrimination against women reflecting a policy and procedure of discriminatory practices creating a hostile work environment adversely affecting plaintiff and for common law claims related to the

emotional harm caused to Plaintiff by the actions of Defendants and other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to C.P.L.R. Section 301.

3.    This action properly lies within New York County, pursuant to C.P.L.R. Section 503 in that Defendant is authorized to transact business in the State of New York and engages in consistent and ongoing business through offices in New York County.

## PARTIES

4.    Plaintiff, **ANTOINETTE NOAH** (hereinafter "Plaintiff") is and at all times relevant herein, has been a domiciliary of the state of New York residing in Richmond County.

5.    At all times relevant herein, Plaintiff was an "employee" within the meaning of NYSHRL, NYCHRL and NJLAD.

6.    At all times relevant herein, Plaintiff was a "person" within the meaning of NYSHRL, NYCHRL and NJLAD.

7.    At all times relevant herein, Defendant, **CONTINENTAL AIRLINES INC.** (hereinafter "Defendant") was a foreign business corporation with its principal place of business in Delaware.

8.    Upon information and belief, Defendant is authorized to do business in New York State.

9.    At all times herein, Defendant has been an "employer" within the meaning of NYSHRL, NYCHRL and NJLAD, and employs more than four (4) persons.

2

10. Defendant, Mr. Samuel Snelborough (hereinafter "Snelborough") was an agent, servant and/or employee of Continental Airlines. Inc.

## FACTUAL ALLEGATIONS

11. Plaintiff began employment for Defendant in the Food Service in 2006 on the morning shift at Newark International Airport, Newark, New Jersey.

12. In January 2007, Snelborough became Plaintiff's supervisor when she was transferred to the evening shift at the same location.

13. After the transfer, Snelborough made repeated lewd and offensive comments and sexual advances directed at Plaintiff.

14. Snelborough also engaged in acts of unwelcome physical contact by touching Plaintiff even after she repeatedly rejected his sexual advances.  Plaintiff advised Snelborough on numerous occasions that his comments and physical contact were inappropriate, unwelcome, and offensive and had to end immediately.

15. Once Plaintiff rejected Snelborough, he further abused and humiliated her when he asked to see Plaintiff's identification card even though he knew her identity.  When Plaintiff refused the request, he grabbed it from her person though it was clipped to her chest.

16. This was conduct that Snelborough had engaged in on previous occasions despite Plaintiff's vehement protests.

17. On or about June 21, 2007, Plaintiff was seated at a desk waiting to punch out at the end of her shift, when Snelborough knelt down in front of her, professed his "undying love" for her and touched her legs.  Although Plaintiff objected,

3

Snelborough continued to engage in this behavior, stopping only when another person entered the room.

18. The sexual harassment by Snelborough directed at Plaintiff increased in frequency and intensity, causing Plaintiff severe emotional distress, including but not limited to, loss of sleep, loss of appetite and weight loss.

19. On or about June 25, 2007, Plaintiff complained to May Smith, another manager, about Snelborough's continued sexual harassment and told Smith that she could no longer endure his repeated harassment of her.

20. On information and belief, Snelborough engaged in sexual harassment on prior occasions directed at other female employees of the instant employer as well as against female employees of prior employers.

21. Plaintiff again complained to Defendant that she suffered sexual harassment directed toward her by Snelborough and Defendant failed to take her complaints seriously.

22. Despite Plaintiff's complaints of sexual harassment, Defendant failed to investigate, or to take any immediate corrective or remedial action to stop the sexual harassment directed at her by Snelborough.

23. After Plaintiff complained to Defendant about Snelborough's sexual harassment of her, Plaintiff was subject to retaliation by other employees of Defendant who campaigned to harass her by "freezing her out" by not speaking with her, defaming her by telling lies to her manager Rosa Acosta and falsely accusing Plaintiff of drinking while on duty, making threatening telephone calls to Plaintiff referring to "...what she did to Sam," and telling

4

her that another employee "...had a gun in his locker," and slashing the tires of her automobile.

24.    In or about July 2007, Plaintiff again complained to Defendant when she spoke to Sandee Meirinho, Human Resource Manager for Defendant, and reported the acts and threats of retaliation taken against her by her co-workers and Defendant again failed to take her complaints seriously.

25.    Defendant failed to investigate her complaints or take any corrective or remedial action to stop the retaliation directed against her.

26.    Because of the ongoing sexual harassment by Snelborough, and the retaliation by her co-workers, it was necessary for Plaintiff to consult a psychologist.

27.    On or about August 28, 2007, Plaintiff was advised by her therapist to take an immediate medical leave of absence due to the anxiety she suffered from the sexual harassment and retaliation at work.

## AS AND FOR A FIRST CAUSE OF ACTION
### (NYSHRL-Discrimination based on Sexual Harassment)

28.    Plaintiff repeats and realleges each and every allegation contained herein.

29.    Defendants violated NYSHRL, through its agent who made lewd, offensive comments and sexual advances toward Plaintiff, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

30.    Plaintiff reported to Defendant that she was being harassed by Snelborough.

31.    Defendants failed to investigate Plaintiff's complaints, and to take reasonable action to prevent and promptly correct the harassment and hostile treatment against Plaintiff.

32.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

33.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

34.    Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

35.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (NYCHRL-Discrimination based on Sexual Harassment)

36.    Plaintiff repeats and realleges each and every allegation contained herein.

37.    Defendants violated NYCHRL through its agents who made lewd, offensive comments and sexual advances toward Plaintiff, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

38.    Plaintiff reported to Defendant that she was being harassed by Snelborough.

6

39.     Defendants failed to investigate Plaintiff's complaints, and to take reasonable action to prevent and promptly correct the harassment and hostile treatment against Plaintiff.

40.     As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

41.     As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

42.     Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

43.     Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages in an amount to be determined at trial, including attorney fees,

## AS AND FOR A THIRD CAUSE OF ACTION
### (NJLAD-Discrimination based on Sexual Harassment)

44.     Plaintiff repeats and realleges each and every allegation contained herein.

45.     Defendants violated NJLAD, through its agent who made lewd, offensive comments and sexual advances towards Plaintiff, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

46.     Plaintiff reported to Defendant that she was being harassed by Snelborough.

7

47.    Defendants failed to investigate Plaintiff's complaints, and to take reasonable action to prevent and promptly correct the harassment and hostile treatment against Plaintiff.

48.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

49.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

50.    Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

51.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages in an amount to be determined at trial, including attorney fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
(NYSHRL-Discrimination based on Gender)

52.    Plaintiff repeats and realleges each and every allegation contained herein.

53.    Defendants violated NYSHRL, through its agent who made lewd, offensive comments and sexual advances towards Plaintiff, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

54.    Plaintiff reported to Defendant that she was being harassed by Snelborough and Defendant failed to take Plaintiff's complaints seriously.

8

55.    Defendants failed to investigate Plaintiff's complaints, and to take reasonable action to prevent and promptly correct the harassment and hostile treatment against Plaintiff.

56.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

57.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

58.    Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

59.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages in an amount to be determined at trial,

### AS AND FOR A FIFTH CAUSE OF ACTION
(NYCHRL-Discrimination based on Gender)

60.    Plaintiff repeats and realleges each and every allegation contained herein.

61.    Defendants violated NYCHRL, through its agent who made lewd, offensive comments and sexual advances towards Plaintiff, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

62.    Plaintiff reported to Defendant that she was being harassed by Snelborough and Defendant failed to take Plaintiff's complaints seriously.

9

63. Defendants failed to investigate Plaintiff's complaints, and to take reasonable action to prevent and promptly correct the harassment and hostile treatment against Plaintiff.

64. As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

65. As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

66. Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

67. Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages in an amount to be determined at trial, including attorney fees,

## AS AND FOR A SIXTH CAUSE OF ACTION
### (NJLAD-Discrimination based on Sex)

68. Plaintiff repeats and realleges each and every allegation contained herein.

69. Defendants violated NJLAD, through its agent who made lewd, offensive comments and sexual advances towards Plaintiff, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

70. Plaintiff reported to Defendant that she was being harassed by Snelborough and Defendant failed to take Plaintiff's complaints seriously.

10

71. Defendants failed to investigate Plaintiff's complaints, and to take reasonable action to prevent and promptly correct the harassment and hostile treatment against Plaintiff.

72. As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

73. As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

74. Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

75. Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages to be determined at trial, including attorney fees,

### AS AND FOR A SEVENTH CAUSE OF ACTION
(NYSHRL, NYCHRL, and NJLAD - Retaliation)

76. Plaintiff repeats and realleges each and every allegation contained herein.

77. Defendants violated NYSHRL, NYCHRL, and NJLAD when they retaliated against Plaintiff by taking adverse actions against her after she complained about the sexual harassment directed at her by Snelborough.

78. Plaintiff reported to Defendant that she was a victim of acts of retaliation taken against her by co-workers because she reported the acts of sexual harassment by Snelborough.

11

79.    Defendants failed to investigate Plaintiff's complaints and refused to take reasonable action to correct the retaliatory acts against Plaintiff.

80.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

81.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

82.    Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

83.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages in an amount to be determined at trial, and attorney fees,

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (The State of New York Common Law-Negligent Supervision and Retention)

84.    Plaintiff repeats and realleges each and every allegation contained herein.

85.    Defendant knew or should have known that Snelborough had a propensity to commit sexual harassment or had engaged in sexual harassment in the past.

86.    Defendant negligently retained Snelborough as an employee despite the fact that he had been named in previous complaints of sexual harassment.

87.    As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

12

88.  As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

89.  Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

90.  Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages in an amount to be determined at trial,

### AS AND FOR A NINTH CAUSE OF ACTION
(The State of New Jersey Common Law-Negligent Hiring and Retention)

91.  Plaintiff repeats and realleges each and every allegation contained herein.

92.  Defendant knew or should have known that Snelborough had a propensity to commit sexual harassment or had engaged in sexual harassment in the past.

93.  Defendant negligently retained Snelborough as an employee despite the fact that he had been named in previous complaints of sexual harassment.

94.  As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

95.  As a proximate result of the actions by Defendants, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

96.  Defendant engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

13

97.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages in an amount to be determined at trial, including attorney fees.

### AS AND FOR A TENTH CAUSE OF ACTION
(NYSHRL-Discrimination by Snelborough Individually)

98.    Plaintiff repeats and realleges each and every allegation contained herein.

99.    Snelborough violated NYSHRL by making lewd, offensive comments and sexual advances, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

100.    Plaintiff demanded that Snelborough's stop the harassment.

101.    Snelborough continued to engage in offensive comments and conduct.

102.    As a proximate result of the actions by Snelborough, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

103.    As a proximate result of the actions by Snelborough, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

104.    Snelborough engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

105.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages to be determined at trial,

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (NYCHRL-Discrimination by Snelborough Individually)

106.    Plaintiff repeats and realleges each and every allegation contained herein.

107.    Snelborough violated NYCHRL by making lewd, offensive comments and sexual advances, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

108.    Plaintiff demanded that Snelborough's stop the harassment.

109.    Snelborough continued to engage in offensive comments and conduct.

110.    As a proximate result of the actions by Snelborough, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

111.    As a proximate result of the actions by Snelborough, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

112.    Snelborough engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

113.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory damages and punitive damages in an amount to be determined at trial, and attorney fees,

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (NJLAD-Discrimination by Snelborough Individually)

114.    Plaintiff repeats and realleges each and every allegation contained herein.

15

115.    Snelborough violated NJLAD by making lewd, offensive comments and sexual advances, including but not limited to, repeated physical contact, which created a hostile work environment sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

116.    Plaintiff demanded that Snelborough's stop the harassment.

117.    Snelborough continued to engage in offensive comments and conduct.

118.    As a proximate result of the actions by Snelborough, Plaintiff suffered, and continues to suffer, substantial loss of past and future earnings, bonuses, and other employment benefits.

119.    As a proximate result of the actions by Snelborough, Plaintiff suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and other physical ailments.

120.    Snelborough engaged in discriminatory conduct in conscious disregard for Plaintiff's rights.

121.    Plaintiff is entitled to an award of actual economic loss including incidental and consequential damages and compensatory and punitive damages in amount to be determined at trial, including attorney fees.

## DEMAND FOR JURY TRIAL

122.    Plaintiff repeats and realleges each and every allegation contained herein.

123.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment:

16

On the First, Fourth, Eighth and Tenth Cause of Action, an award of incidental and consequential and compensatory damages for Plaintiff's actual economic loss and for past and future earnings, bonuses, other employment benefits, and for severe and lasting embarrassment, humiliation, mental and physical anguish and depression in an amount to be determined at trial;

On the Second, Third, Fifth, Sixth, Seventh, Ninth, Eleventh, and Twelfth Cause of Action, an award of incidental and consequential and compensatory damages for Plaintiff's actual economic loss and for past and future earnings, bonuses, other employment benefits, and for severe and lasting embarrassment, humiliation, mental and physical anguish and depression, and punitive damages in an amount to be determined at trial, and attorney fees;

With regard to all claims for relief, Defendants be ordered to pay Plaintiff pre-judgment and post-judgment interest; and

With regard to all claims for relief, Defendants be ordered to pay Plaintiff the costs and disbursements of this action including expert fees and disbursements.


Dated: Farmingdale, New York
        June 23, 2008


                                    FRANK & ASSOCIATES, P.C.
                                    Attorneys for Plaintiffs


                        By:  _____
                                    Robert C. Jacovetti
                                    500 Bi-County Blvd., Suite 112N
                                    Farmingdale, New York 11735
                                    (631) 756-0400


17

## AFFIRMATION OF SERVICE

Robert C. Jacovetti an attorney duly admitted to practice law in the State of New York affirms the following under penalties of perjury:

I am an associate with the law firm Frank & Associates, P.C., attorneys for Plaintiff, Antoinette Noah.

On June 23, 2008, I served a true copy of "Verified Complaint" via *First Class Mail* to:

**C T Corporation System**
**111 Eighth Avenue**
**New York, New York 10011**

Dated: Farmingdale, New York
      June 23, 2008

Robert C. Jacovetti, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANTOINETTE NOAH,

                               Plaintiff,

    - against -

CONTINENTAL AIRLINES, INC. and
SAMUEL SNELBOROUGH INDIVIDUALLY
AS AN AIDER AND ABETTOR

                             Defendant.
-------------------------------------------------------------------X

**SUMMONS**
Index No: 08/108835
6/25/08

Plaintiffs Residence:
350 Vanderbilt Avenue
Staten Island, NY 10304

Basis of Venue is:
Defendant Authorized to
Transact Business

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** and required to appear at the Supreme Court of the County of Suffolk, at the office of the Clerk of the said Court at Central Islip, in the County of Suffolk, State of New York, by serving an answer to the annexed complaint upon Plaintiff's attorney, at the address stated below, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Farmingdale, New York
        June 24, 2008

                        FRANK & ASSOCIATES, P.C.
                        Attorneys for Plaintiffs

            By:

                        Robert C. Jacovetti
                        500 Bi-County Blvd., Suite 112N
                        Farmingdale, New York 11735
                        (631) 756-0400

Defendant:
CONTINENTAL AIRLINES, INC., and
SAMUEL SNELBOROUGH INDIVIDUALLY
AS AN AIDER AND ABETTOR
C/O C T Corporation
111 Eighth Avenue
New York, NY 10011

NOTE: The law or rules of law provides that:
        (a)      If the summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Suffolk, you must answer within 20 days after such service;
        (b)      If this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.
        (c)      You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within ten days of the service of the answer.