BUCHANAN INGERSOLL & ROONEY PC
A Pennsylvania Corporation
Rosemary J. Bruno (RB5815)
Peter M. Avery (PA3750)
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
(212) 440-4400
(973) 273-9800
Attorneys for Defendant
  Continental Airlines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTOINETTE NOAH,

        Plaintiff,

v.

CONTINENTAL AIRLINES, INC. and
SAMUEL SNELBOROUGH

        Defendants.

Civ. Action No.: 08-6692 (BSJ)(THK)

**CONTINENTAL AIRLINES, INC.'S ANSWER TO THE COMPLAINT**

*Electronically Filed*

---

Defendant Continental Airlines, Inc. ("Continental"), by its attorneys Buchanan Ingersoll & Rooney PC, answers plaintiff's complaint as follows:

## AS TO THE ALLEGATIONS IN THE INTRODUCTION

1. Continental denies the allegations in paragraph 1, except admits that plaintiff purports to assert claims under the authority referenced therein.

## AS TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE

2. Continental declines to respond to the allegations in paragraph 2 because they state a conclusion of law to which no response is required.

3. Continental declines to respond to the allegations in paragraph 3 because they state a conclusion of law to which no response is required, except Continental admits that it engages in business and has offices in New York County.

## AS TO THE ALLEGATIONS REGARDING THE PARTIES

4. Continental admits, upon information and belief, the allegations in paragraph 4.

5. Continental declines to respond to the allegations in paragraph 5 because they state conclusions of law to which no response is required.

6. Continental declines to respond to the allegations in paragraph 6 because they state conclusions of law to which no response is required.

7. Continental denies the allegations in paragraph 7, except admits that it is non-New York corporation with a principal place of business in Houston, Texas.

8. Continental admits the allegations in paragraph 8.

9. Continental declines to respond to the allegations in paragraph 9 because they state conclusions of law to which no response is required, except Continental admits that it employs more than four (4) persons.

10. Continental admits that defendant Samuel Snelborough is an employee of Continental.

## AS TO THE FACTUAL ALLEGATIONS

11. Continental admits it hired Plaintiff effective on about May 10, 2006 as an employee in its food services division and that her work location was Newark Liberty International Airport in Newark, New Jersey. Continental denies the remaining allegations in paragraph 11.

12. Continental admits the allegations in paragraph 12.

13. Continental denies the allegations in paragraph 13.

14. Continental denies the allegations in paragraph 14.

15. Continental denies the allegations in paragraph 15.

16. Continental denies the allegations in paragraph 16.

17. Continental denies the allegations in paragraph 17.

18. Continental denies the allegations in paragraph 18, except, as to the allegations regarding to any mental and physical symptoms plaintiff suffered, Continental denies knowledge and information sufficient to form a belief as to the truth of the allegations.

19. Continental denies the allegations in paragraph 19, except admits that on or about June 25, 2007, plaintiff complained to May Smith, who is a manager, about certain verbal conduct by defendant Snelborough.

20. Continental denies the allegations in paragraph 20, except denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding alleged conduct by defendant Snelborough regarding any employees of Snelborough's previous employers.

21. Continental denies the allegations in paragraph 21, except admits that it received a written statement from plaintiff, dated July 2, 2007, containing allegations about inappropriate conduct by defendant Snelborough. Continental investigated these allegations and responded appropriately.

22. Continental denies the allegations in paragraph 22.

23. Continental denies the allegations in paragraph 23.

24. Continental denies the allegations in paragraph 24, except admits Sandee Meirinho, a Human Resources Manager at Continental, interviewed plaintiff in about July 2007 about her allegations concerning certain conduct by defendant Snelborough.

25. Continental denies the allegations in paragraph 25.

26. Continental denies the allegations in paragraph 26, except admits, upon information and belief, that plaintiff has visited a psychologist.

27. Continental denies the allegations in paragraph 27, except admits that it was advised that plaintiff's therapist directed her to be out of work in about August 2007.

## AS TO THE FIRST CAUSE OF ACTION

28. Continental repeats and reasserts its preceding responses as if fully set forth herein.

29. Continental denies the allegations in paragraph 29.

30. Continental denies the allegations in paragraph 30, except admits that plaintiff alleged to Continental personnel that defendant Snelborough had engaged in certain inappropriate conduct toward her.

31. Continental denies the allegations in paragraph 31.

32. Continental denies the allegations in paragraph 32.

33. Continental denies the allegations in paragraph 33.

34. Continental denies the allegations in paragraph 34.

35. Continental denies the allegations in paragraph 35.

## AS TO THE SECOND CAUSE OF ACTION

36. Continental repeats and reasserts its preceding responses as if fully set forth herein.

37. Continental denies the allegations in paragraph 37.

38. Continental denies the allegations in paragraph 38, except admits that plaintiff alleged to Continental personnel that defendant Snelborough had engaged in certain inappropriate conduct toward her.

39. Continental denies the allegations in paragraph 39.

40. Continental denies the allegations in paragraph 40.

41. Continental denies the allegations in paragraph 41.

42. Continental denies the allegations in paragraph 42.

43. Continental denies the allegations in paragraph 43.

## AS TO THE THIRD CAUSE OF ACTION

44. Continental repeats and reasserts its preceding responses as if fully set forth herein.

45. Continental denies the allegations in paragraph 45.

46. Continental denies the allegations in paragraph 46, except admits that plaintiff alleged to Continental personnel that defendant Snelborough had engaged in certain inappropriate conduct toward her.

47. Continental denies the allegations in paragraph 47.

48. Continental denies the allegations in paragraph 48.

49. Continental denies the allegations in paragraph 49.

50. Continental denies the allegations in paragraph 50.

51. Continental denies the allegations in paragraph 51.

## AS TO THE FOURTH CAUSE OF ACTION

52. Continental repeats and reasserts its preceding responses as if fully set forth herein.

53. Continental denies the allegations in paragraph 53.

54. Continental denies the allegations in paragraph 54, except admits that plaintiff alleged to Continental personnel that defendant Snelborough had engaged in certain inappropriate conduct toward her.

55. Continental denies the allegations in paragraph 55.

56. Continental denies the allegations in paragraph 56.

57. Continental denies the allegations in paragraph 57.

58. Continental denies the allegations in paragraph 58.

59. Continental denies the allegations in paragraph 59.

### AS TO THE FIFTH CAUSE OF ACTION

60. Continental repeats and reasserts its preceding responses as if fully set forth herein.

61. Continental denies the allegations in paragraph 61.

62. Continental denies the allegations in paragraph 62, except admits that plaintiff alleged to Continental personnel that defendant Snelborough had engaged in certain inappropriate conduct toward her.

63. Continental denies the allegations in paragraph 63.

64. Continental denies the allegations in paragraph 64.

65. Continental denies the allegations in paragraph 65.

66. Continental denies the allegations in paragraph 66.

67. Continental denies the allegations in paragraph 67.

## AS TO THE SIXTH CAUSE OF ACTION

68. Continental repeats and reasserts its preceding responses as if fully set forth herein.

69. Continental denies the allegations in paragraph 69.

70. Continental denies the allegations in paragraph 70, except admits that plaintiff alleged to Continental personnel that defendant Snelborough had engaged in certain inappropriate conduct toward her.

71. Continental denies the allegations in paragraph 71.

72. Continental denies the allegations in paragraph 72.

73. Continental denies the allegations in paragraph 73.

74. Continental denies the allegations in paragraph 74.

75. Continental denies the allegations in paragraph 75.

## AS TO THE SEVENTH CAUSE OF ACTION

76. Continental repeats and reasserts its preceding responses as if fully set forth herein.

77. Continental denies the allegations in paragraph 77.

78. Continental denies the allegations in paragraph 78.

79. Continental denies the allegations in paragraph 79.

80. Continental denies the allegations in paragraph 80.

81. Continental denies the allegations in paragraph 81.

82. Continental denies the allegations in paragraph 82.

83. Continental denies the allegations in paragraph 83.

## AS TO THE EIGHTH CAUSE OF ACTION

84. Continental repeats and reasserts its preceding responses as if fully set forth herein.

85. Continental denies the allegations in paragraph 85.

86. Continental denies the allegations in paragraph 86.

87. Continental denies the allegations in paragraph 87.

88. Continental denies the allegations in paragraph 88.

89. Continental denies the allegations in paragraph 89.

90. Continental denies the allegations in paragraph 90.

## AS TO THE NINTH CAUSE OF ACTION

91. Continental repeats and reasserts its preceding responses as if fully set forth herein.

92. Continental denies the allegations in paragraph 92.

93. Continental denies the allegations in paragraph 93.

94. Continental denies the allegations in paragraph 94.

95. Continental denies the allegations in paragraph 95.

96. Continental denies the allegations in paragraph 96.

97. Continental denies the allegations in paragraph 97.

## AS TO THE TENTH CAUSE OF ACTION

98. Continental repeats and reasserts its preceding responses as if fully set forth herein.

99. Continental declines to respond to the allegations in paragraph 99 because the Tenth Cause of Action is not asserted against Continental.

100. Continental declines to respond to the allegations in paragraph 100 because the Tenth Cause of Action is not asserted against Continental.

101. Continental declines to respond to the allegations in paragraph 101 because the Tenth Cause of Action is not asserted against Continental.

102. Continental declines to respond to the allegations in paragraph 102 because the Tenth Cause of Action is not asserted against Continental.

103. Continental declines to respond to the allegations in paragraph 103 because the Tenth Cause of Action is not asserted against Continental.

104. Continental declines to respond to the allegations in paragraph 104 because the Tenth Cause of Action is not asserted against Continental.

105. Continental declines to respond to the allegations in paragraph 105 because the Tenth Cause of Action is not asserted against Continental.

## AS TO THE ELEVENTH CAUSE OF ACTION

106. Continental repeats and reasserts its preceding responses as if fully set forth herein.

107. Continental declines to respond to the allegations in paragraph 107 because the Eleventh Cause of Action is not asserted against Continental.

108. Continental declines to respond to the allegations in paragraph 108 because the Eleventh Cause of Action is not asserted against Continental.

109. Continental declines to respond to the allegations in paragraph 109 because the Eleventh Cause of Action is not asserted against Continental.

110. Continental declines to respond to the allegations in paragraph 110 because the Eleventh Cause of Action is not asserted against Continental.

111. Continental declines to respond to the allegations in paragraph 111 because the Eleventh Cause of Action is not asserted against Continental.

112. Continental declines to respond to the allegations in paragraph 112 because the Eleventh Cause of Action is not asserted against Continental.

113. Continental declines to respond to the allegations in paragraph 113 because the Eleventh Cause of Action is not asserted against Continental.

## AS TO THE TWELFTH CAUSE OF ACTION

114. Continental repeats and reasserts its preceding responses as if fully set forth herein.

115. Continental declines to respond to the allegations in paragraph 115 because the Twelfth Cause of Action is not asserted against Continental.

116. Continental declines to respond to the allegations in paragraph 116 because the Twelfth Cause of Action is not asserted against Continental.

117. Continental declines to respond to the allegations in paragraph 117 because the Twelfth Cause of Action is not asserted against Continental.

118. Continental declines to respond to the allegations in paragraph 118 because the Twelfth Cause of Action is not asserted against Continental.

119. Continental declines to respond to the allegations in paragraph 119 because the Twelfth Cause of Action is not asserted against Continental.

120. Continental declines to respond to the allegations in paragraph 120 because the Twelfth Cause of Action is not asserted against Continental.

121. Continental declines to respond to the allegations in paragraph 121 because the Twelfth Cause of Action is not asserted against Continental.

## AS TO THE DEMAND FOR JURY TRIAL

122. Continental repeats and reasserts its preceding responses as if fully set forth herein.

123. Continental declines to respond to plaintiff's demand for jury trial except to similarly demand a jury trial.

Continental denies plaintiff is entitled to any of the relief she seeks in the "WHEREFORE" paragraph of her amended complaint.

Continental denies all allegations in the amended complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, including prior to the allegations that form the basis of plaintiff's claims, Continental exercised reasonable care to prevent and correct promptly any harassing behavior. Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Continental or to otherwise avoid harm.

## THIRD AFFIRMATIVE DEFENSE

The amended complaint is barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant herein, including prior to the alleged discriminatory and retaliatory acts referred to in the Complaint, Continental had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory and/or retaliatory practices by its employees.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks to recover from Continental for personal injuries allegedly incurred in the course of or arising out of employment by Continental, such recovery is barred by the exclusivity of the workers' compensation remedies.

## SEVENTH AFFIRMATIVE DEFENSE

The claims in the amended complaint, in whole or in part, are barred as to any matters for which plaintiff has failed to exhaust, and/or has elected, her administrative remedies under applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim in the First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Counts of her Complaint because New York city and state statutory and/or common law do not apply to claims, which arise, if at all, out of her employment in New Jersey.

## NINTH AFFIRMATIVE DEFENSE

Continental's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for punitive damages against Continental.

## ELEVENTH AFFIRMATIVE DEFENSE

Continental is not liable for punitive damages under federal or state law because Continental did not commit any act with malice or reckless indifference to plaintiff's protected rights, nor did it approve, authorize or ratify, or have actual knowledge of any such acts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by applicable law and, in any event, are barred by the Due Process clauses of the constitutions of the United States, New York, and New Jersey.

## FOURTEENTH AFFIRMATIVE DEFENSE

Subject to proof during discovery, plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

If plaintiff has been damaged, which Continental expressly denies, plaintiff has failed to make reasonable efforts to mitigate her damages.

Continental has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Continental reserves the right to amend or add additional defenses which may become later known during the course of discovery or revealed during pretrial procedures.

WHEREFORE, Continental demands judgment dismissing the amended complaint in its entirety, with prejudice, awarding it attorney's fees and costs, and granting such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Continental hereby demands a trial by jury on all the claims against it and on its affirmative defenses.

*Rosemary J. Bruno* (signature)

Rosemary J. Bruno (RB5815)
BUCHANAN INGERSOLL & ROONEY PC
A Pennsylvania Corporation
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
(212) 440-4400
(973) 273-9800
Attorneys for Defendant
  Continental Airlines, Inc.

Dated: July 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Answer was served this day by UPS overnight delivery upon the following counsel:

>Robert C. Jacovetti, Esq.
>Frank & Associates, P.C.
>500 Bi-County Boulevard, Suite 112N
>Farmingdale, New York 11735
>Attorneys for Plaintiff
>
>Michael T. Kenny, Esq.
>Fisher & Phillips LLP
>430 Mountain Avenue
>Murray Hill, New Jersey 07974
>Attorneys for Defendant
>  Samuel Snelborough

*Peter M. Avery*

Newark, New Jersey
July 18, 2008

15

## **CERTIFICATE OF SERVICE**

I hereby certify that the accompanying Answer was served this day by ECF and U.S. mail upon the following counsel:

>David E. Strand, Esq.
>Michael T. Kenny, Esq.
>Fisher & Phillips LLP
>430 Mountain Avenue
>Murray Hill, New Jersey 07974
>Attorneys for Defendant
>  Samuel Snelborough

I further certify that the Accompanying Answer was served this day by U.S. mail upon the following counsel:

>Robert C. Jacovetti, Esq.
>Frank & Associates, P.C.
>500 Bi-County Boulevard, Suite 112N
>Farmingdale, New York 11735
>Attorneys for Plaintiff

The Answer was previously served upon the above-listed counsel on July 18, 2008. It is being served once again because it has been re-submitted to the Court via ECF filing today.

Peter M. Avery

Newark, New Jersey
July 31, 2008