UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTOINETTE NOAH,<br><br>　　　　Plaintiff,<br><br>　　-vs-<br><br>CONTINENTAL AIRLINES, INC. and<br>SAMUEL SNELBOROUGH,<br><br>　　　　Defendants. | Civil Action No. 08-cv-6692 (BSJ/THK)<br><br>Electronically filed |

**DEFENDANT SAMUEL SNELBOROUGH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(2)**

　　　　　　　　　　　　　　　　FISHER & PHILLIPS LLP
　　　　　　　　　　　　　　　　430 Mountain Avenue
　　　　　　　　　　　　　　　　Murray Hill, NJ 07974
　　　　　　　　　　　　　　　　Telephone:  (908) 516-1050
　　　　　　　　　　　　　　　　Facsimile:  (908) 516-1051
　　　　　　　　　　　　　　　　Attorneys for Defendant Samuel Snelborough

On the Brief:
David E. Strand, Esq.

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY ............................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

    A.       The Defendants. ................................................................................................ 2

    B.       Plaintiff's Employment at Continental. ............................................................ 2

    C.       The Complaint. ................................................................................................. 3

LEGAL ARGUMENT ........................................................................................................ 3

    I.       This Court Lacks Personal Jurisdiction Over Snelborough. ................... 3

          A.       The Court Lacks General Personal Jurisdiction Over Snelborough. ....... 5

          B.       The Court Lacks Specific Personal Jurisdiction Over Snelborough. ....... 6

          C.       Asserting Personal Jurisdiction Over Defendant Snelborough Would Be Unconstitutional. .................................................................. 13

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

Cases

*A.I. Trade Fin. v. Petra Bank*, 989 F. 2d 76 (2d Cir. 1993) ................................................. 4

*Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494 (S.D.N.Y. 1997) ........................................................................................................... 11

*Aquascutum of London, Inc. v. S.S. Am. Champion*, 426 F.2d 205 (2d Cir. 1970) .............. 6

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990) .......................... 3

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999) ............................................................................................................... 10

*Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562 (S.D.N.Y. 1997) ............... 3

*Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997) ................................................. 8

*Best Van Lines, Inc., v. Walker*, 490 F.3d 239 (2d Cir. 2007) ............................................ 8

*Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular Inc.*, No. 05-9994, 2007 WL 747807 (S.D.N.Y. March 9, 2007) ................................................................. 4

*Bozell Group, Inc. v. Carpet Co-op of Amo. Assos.*, No. 00-1248, 2000 WL 1523282 (S.D.N.Y. Oct. 11, 2000) .............................................................................. 6

*Brinkmann v. Adrian Carriers, Inc.*, 29 A.D.3d 615 (N.Y. App. Div. 2006) ....................... 5

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ............................................................... 13

*Calder v. Jones*, 465 U.S. 783 (1984) ................................................................................ 13

*Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018 (2d Cir. 1997) ............................................... 3

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000) ......................... 11

*Cooper, Robertson & Partners, LLP v. Vail*, 143 F. Supp. 2d 367 (S.D.N.Y. 2001) .......... 8

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) ............................................. 6

*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, No. 07-0400, 2008
WL 852787 (S.D.N.Y. March 31, 2008) .................................................................. 9

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81 (2d Cir. 2001) .............................. 10

*Feathers v. McLucas*, 15 N.Y.2d 443 (1965) ............................................................ 7

*Geller Media Mgmt., Inc. v. Beaudreault*, 910 F. Supp. 135 (S.D.N.Y. 1996) ....... 4

*Grand River Enters Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir. 2005) ........ 4

*Hearst Corp. v. Goldberger*, No. 96-3620, 1997 WL 97097
(S.D.N.Y. Feb. 26, 1997) ........................................................................................ 5

*Hermann v. Sharon Hosp., Inc.*, 135 A.D. 2d. 682 (N.Y. App. Div. 1987) ........... 10

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985) ................ 7, 8

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003) ................ 3

*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999) ................................ 13

*Landoil Re. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28
(Ct. of App. 1990) ............................................................................................. 5, 6

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 ..................... 3, 6

*Rylott-Rooney v. Alitalia-Linee Aeree Italiane-Societa*, 549 F. Supp. 2d. 549
(S.D.N.Y. 2008) ................................................................................................... 10

*Sirius America Ins. Co. v. SCPIE Indem. Co.*, 461 F. Supp. 2d 155 (S.D.N.Y. 2006) ......... 1

*Socialist Workers Party v. Attorney General*, 375 F. Supp. 318 (S.D.N.Y. 1974) ........... 12

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d. 100 (2d Cir. 2006) ....... 4

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135 (2d Cir. 2001) ....... 13

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ........................... 11

*Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88 (2d Cir. 2000) ................................ 5

### Statutes

Fed. R. Civ. P. 12(b)(2) ................................................................................................. 1,14

NYCPLR § 301 ............................................................................................................ 4, 5

NYCPLR § 302(a) ..................................................................... 4, 6, 7, 8, 9, 11, 12, 16

## PRELIMINARY STATEMENT

Defendant Samuel Snelborough lives and works exclusively in New Jersey. In the Complaint, plaintiff Antoinette Noah claims that Snelborough was involved in employment discrimination and retaliation against her that occurred exclusively in New Jersey. Despite Snelborough's New Jersey residence and New Jersey workplace, and plaintiff's claims concerning events that purportedly took place in New Jersey, plaintiff filed suit against Snelborough in New York County, New York. Because it is self-evident that New York courts have no personal jurisdiction in this matter over Snelborough, he moves to dismiss the Complaint as against him under Federal Rule of Civil Procedure 12(b)(2).

## PROCEDURAL HISTORY

On June 23, 2008, plaintiff sued defendants Continental Airlines, Inc. ("Continental") and Snelborough in New York state court. Continental timely removed the action to this Court based upon diversity.[1] Both defendants answered and Snelborough asserted lack of personal jurisdiction as an affirmative defense (*See* Snelborough's Ans.).

---

[1] Removal to federal court does not waive a defendant's right to object to the court's lack of personal jurisdiction over it. *Sirius America Ins. Co. v. SCPIE Indem. Co.*, 461 F. Supp. 2d 155, 159 (S.D.N.Y. 2006).

## **STATEMENT OF FACTS**

A. **The Defendants.**

Continental is the fourth largest commercial airline carrier in the United States. Certification of Samuel Snelborough ("Snelborough Cert.") ¶2. Continental operates a hub-and-spoke route network with one of its primary hubs located at Newark Liberty International Airport ("Newark Airport") in Newark, New Jersey. (*Id.*).

Continental hired defendant Snelborough in August, 1989. (*Id.* ¶ 3). At all relevant times, Snelborough worked exclusively at Continental's facilities at Newark Airport. (*Id.*). Snelborough has never conducted business or performed work on behalf of Continental at any location within New York. (*Id.*).

Snelborough maintains his domicile in Union, New Jersey, and has resided in New Jersey continuously since 1975. (*Id.* ¶ 1). He does not own or possess any real property in New York, nor does he maintain a business, bank account or residence within New York. (*Id.* ¶¶ 4-7). Snelborough rarely, if ever, visits New York. (*Id.* ¶ 8).

B. **Plaintiff's Employment at Continental.**

Continental hired plaintiff in May 2006, to work in its food services division at its facilities at Newark Airport. (Compl. ¶ 11-12).

C.  **The Complaint.**

Plaintiff's Complaint asserts employment-related claims against Continental and Snelborough based on events that are alleged to have occurred at Continental's facilities at Newark Airport in New Jersey. (Complaint ¶¶ 11-20). Snelborough has denied plaintiff's allegations and asserted numerous affirmative defenses, including lack of personal jurisdiction. (*See* Snelborough's Ans.).

## LEGAL ARGUMENT

I.  **This Court Lacks Personal Jurisdiction Over Snelborough.**

A plaintiff opposing a Rule 12(b)(2) motion to dismiss "bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997). At this stage of the litigation, that requires plaintiff to make a *prima facie* showing of "legally sufficient allegations of jurisdiction" to survive the motion to dismiss. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.), *cert. denied, 519 U.S. 1006 (1996)*; *see Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). That does not mean that plaintiff must show only *some* evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are **sufficient in themselves** to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997) (emphasis added).

In diversity cases like this one, a federal court's personal jurisdiction over a nonresident defendant is governed by the law of the forum state. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) ; *A.I. Trade Fin. v. Petra Bank,* 989 F. 2d 76, 80 (2d Cir. 1993); *Geller Media Mgmt., Inc. v. Beaudreault*, 910 F. Supp. 135, 137 (S.D.N.Y. 1996). Thus, New York law determines whether this Court has personal jurisdiction over Snelborough. *Grand River Enters Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir. 2005).

New York law recognizes two types of personal jurisdiction over non-domiciliaries like Snelborough: general jurisdiction and specific – or long-arm – jurisdiction. *Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular Inc.*, 2007 WL 747807 at *2 (S.D.N.Y. 2007); NYCPLR §§ 301, 302. General jurisdiction attaches only if the defendant's contacts with New York are substantial. NYCPLR § 301. Specific jurisdiction attaches only if plaintiff's claim arises out of defendant's contacts with New York. NYCPLR § 302.

Plaintiff's Complaint does not allege any facts permitting the exercise of either general or specific jurisdiction over Snelborough. General jurisdiction is absent because Snelborough's contacts with New York are insubstantial; in fact, they are non-existent. Specific jurisdiction is absent because all the events plaintiff alleges took place in New Jersey. Accordingly, the claims against Snelborough should be dismissed for lack of personal jurisdiction.

A.   **The Court Lacks General Personal Jurisdiction Over Snelborough.**

The Court would have general jurisdiction over Snelborough only if he had engaged in such a continuous and systematic course of "doing business" within New York that a finding of his "presence" would be warranted. *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33 (Ct. of App. 1990); *Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88, 95 (2d Cir. 2000); *see* NYCPLR § 301. The "doing business" test is "a 'simple [and] pragmatic one,' which varies in its application depending on the particular facts of each case.... The court must be able to say from the facts that the [defendant] is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Landoil*, 77 N.Y.2d at 33 (citations omitted); *Hearst Corp. v. Goldberger*, No. 96-3620, WL 97097, at *8 (S.D.N.Y. Feb. 26, 1997).

General jurisdiction is usually reserved for business organizations, though on rare occasions individuals have been found to be "doing business" for purposes of NYCPLR §301. To support a finding that an individual was "doing business" in New York, it must be shown that the individual conducted business on his own behalf, not a corporate entity's. *Brinkmann v. Adrian Carriers, Inc.*, 29 A.D.3d 615, 617 (N.Y. App. Div. 2006).

The Complaint does not allege that Snelborough engaged in "a continuous and systematic course of business" in New York, whether for himself, or indeed for

Continental. Snelborough is a New Jersey resident who for nearly 20 years has worked for Continental exclusively at its facilities at Newark Airport. (Snelborough Cert. at ¶¶ 1-3). He has never traveled to New York for business reasons. (*Id.* ¶ 3). Snelborough owns no real property and does not maintain a bank account within New York. (*Id.* ¶¶ 4,7). In sum, Snelborough's contacts with New York are non-existent.[2] Accordingly, there is no "fair measure of permanence and continuity" to Snelborough's activities in New York that would make them "substantial" enough to support a finding of general jurisdiction. *Landoil*, 77 N.Y.2d at 34.

**B.    The Court Lacks Specific Personal Jurisdiction Over Snelborough.**

Since the Court lacks general jurisdiction over Snelborough, plaintiff must establish specific, or long arm, jurisdiction. Specific jurisdiction requires the Court to conduct a two-part inquiry as to whether New York law allows the exercise of long-arm jurisdiction over Snelborough and, if so, whether so doing would comport with the due process guarantees of the United States Constitution. See *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006); *Metro. Life Ins.*, 84 F.3d at 567. NYCPLR § 302(a) grants jurisdiction over a non-domiciliary who:

---

[2] Snelborough's occasional, personal trips to New York four times per year are an insufficient basis for jurisdiction. *See, e.g., Bozell Group, Inc. v. Carpet Co-op of Am. Assocs., Inc.*, No. 00-1248, 2000 WL 1523282 at *5 (S.D.N.Y. Oct. 11, 2000) (two visits in three months insufficient); *Aquascutum of London, Inc. v. S.S. Am. Champion*, 426 F.2d 205, 211 (2d Cir. 1970) (visits every few months

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue for goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possesses real property within the state.

Even if this Court were to assume that all conduct alleged in plaintiff's complaint occurred exactly as described, the facts as pled are insufficient to support a *prima facie* showing under any provision of NYCPLR § 302(a).

First, Snelborough does not own, use or possess any real property in New York. *See NYCPLR* § 302(a)(4). Next, Snelborough is not alleged to have engaged in any conduct against plaintiff while "physically present" in New York, as the Court of Appeals has construed § 302(a)(2) to require. *See Feathers v. McLucas*, 15 N.Y.2d 443, 460 (1965) ("[t]he mere occurrence of the injury in this State certainly

---

insufficient); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57-58 (2d Cir. 1985) (54 visits to New York insufficient).

cannot serve to transmute an out-of-state tortious act into one committed here within the sense of the statutory wording"); *accord Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997).

Third, to establish long arm personal jurisdiction under NYCPLR § 302(a)(1), plaintiff must show that Snelborough transacts business within New York or contracts anywhere to supply goods or services in New York state *and* that plaintiff's claims arose out of Snelborough's contacts with New York. *Hoffritz*, 763 F.2d at 58-59. A defendant "transacts business" for purposes of § 302(a)(1) when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *Best Van Lines, Inc., v. Walker*, 490 F.3d 239, 247 (2d Cir. 2007) (citations omitted). Courts require a "substantial nexus" between the plaintiff's cause of action and the defendant's in-state actions. *Cooper, Robertson & Partners, LLP v. Vail*, 143 F. Supp. 2d 367, 370 (S.D.N.Y. 2001). Without both the transaction of business and a substantial nexus connecting those activities with plaintiff's cause of action, there can be no showing of personal jurisdiction under NYCPLR § 302(a)(1).

Plaintiff has not alleged that Snelborough personally conducted a single transaction, entered into a single contract or committed a single act within New York. (Compl. ¶¶ 11–20). Instead, plaintiff claims only that Snelborough verbally harassed her and engaged in unwelcome conduct at Continental's Newark Airport

facility in New Jersey. (Complaint ¶¶ 13–20). All the evidence and allegations are that Snelborough always performed his work in New Jersey and never traveled to New York on Continental business. There is thus no evidence that Snelborough engaged in *any* purposeful activity within New York through which he might have invoked the "benefits and protections of its laws." Plaintiff therefore cannot possibly demonstrate a "substantial nexus" between Snelborough's non-existent New York-related transactions and her claim against Snelborough. Accordingly, plaintiff is unable to make a *prima facie* showing of personal jurisdiction under NYCPLR § 302(a)(1).

NYCPLR § 302(a)(3) grants jurisdiction over a non-domiciliary for an out-of-state tortious act that produces an injury in New York, but only if (1) the defendant regularly does or solicits business in New York, engages in other persistent conduct in New York or derives substantial revenue from sales of goods or services consumed within the State; or (2) the tortfeasor reasonably foresees New York consequences of his tort and derives substantial revenue from either interstate or international commerce. *See Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, No. 07-0400, 2008 WL 852787 at *5 (S.D.N.Y. Mar. 31, 2008). Plaintiff's pleading fails to establish either of these requirements.

First, Plaintiff has not shown an injury in New York. To determine whether there was an injury in New York, courts apply the "situs of the injury" test, asking

whether "the location of the original event that caused the injury" was within New York. *Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d. 682, 683 (N.Y. App. Div. 1987). This "original event" is "generally distinguished not only from the initial tort, but also from the final economic injury and the felt consequences of the tort." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999).

In applying this framework to a wrongful termination claim, the Second Circuit has concluded that the execution of a decision to terminate an employee — felt at the place where that decision is communicated — is the "initial tort," while the experience of being removed from a job — felt at the employee's workplace — is the "original event" causing injury. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81 (2d Cir. 2001). Similarly, when considering a case of alleged discrimination, this Court found that the "initial tort" occurred at the site of the discriminatory act, while the "original event" occurred at the employee's workplace where the initial experience of discrimination was felt. See *Rylott-Rooney v. Alitalia-Linee Aeree Italiane-Societa*, 549 F. Supp. 2d. 549, 553-54 (S.D.N.Y. 2008).

Plaintiff here alleges she was verbally harassed and subjected to unwelcome conduct entirely in Newark, New Jersey. Under the "situs of injury" test, it is clear that the site of the original tort is New Jersey and the site of the "original event" causing injury is also New Jersey. As such, the only conceivable basis for an

allegation of an "injury in New York" is the "fortuitous location" of her domicile in New York and her feeling the consequences of the alleged harassment there. Unfortunately for plaintiff, that bald assertion is insufficient to support a finding of personal jurisdiction under NYCPLR § 302(a)(3).

It is well-settled that there must be a more direct injury in New York than a plaintiff who resides or is domiciled in New York merely feeling the consequences of the out-of-state tort. See *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 568 (S.D.N.Y. 2000) (New York does not become the situs of the injury merely because plaintiff is a domiciliary or resident of New York); *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997) (domicile or residence of an injured party within New York is not enough to establish personal jurisdiction — a more direct injury must have occurred within New York State); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (occurrence of financial consequences in New York due to fortuitous location of plaintiffs in New York not a sufficient basis for jurisdiction under § 302(a)(3) where underlying events took place outside New York).

Moreover, even if this Court were to find a New York injury, Snelborough never solicited or did business in New York, never engaged in any type of conduct that could be considered persistent and, in fact, rarely even visited New York. (Snelborough Cert. ¶¶ 3, 5-6, 8). Snelborough sold no goods or services within

New York and derived no income from goods or services consumed in New York. (*Id.* ¶ 6). Accordingly, plaintiff cannot establish that Snelborough engaged in New York-related activities that would meet the requirements of NYCPLR § 302(a)(3)(i).

Finally, NYCPLR § 302(a)(3)(ii) requires that a defendant must expect or reasonably should have expected his actions to have consequences in New York *and* derive substantial revenue from interstate or international commerce. Given Snelborough's lack of presence in New York, it is difficult to imagine how he could have anticipated his actions in New Jersey would have consequences in New York. Moreover, there are no allegations that Snelborough engaged in or solicited business within New York, or derived substantial revenue from New York. *See, e.g., Socialist Workers Party v. Attorney General*, 375 F. Supp. 318, 322 (S.D.N.Y. 1974) (in order to subject an out-of-state defendant to jurisdiction in New York, it is necessary to do more than put forward unsupported allegations; plaintiff must come forward with some definite evidentiary facts to connect defendants with transactions occurring in New York). Plaintiff has failed to establish the required elements of either NYCPLR § 302(a)(3)(i) or NYCPLR § 302(a)(3)(ii) and as a result, there can be no finding of personal jurisdiction under any provision of NYCPLR § 302(a).

**C.   Asserting Personal Jurisdiction Over Defendant Snelborough Would Be Unconstitutional.**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution permits the assertion of personal jurisdiction over a non-resident defendant only if he has minimum contacts with the forum state such that traditional notions of fair play and substantial justice are not offended by maintaining a suit against him. *Calder v. Jones*, 465 U.S. 783, 788 (1984); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir. 2001). The defendant must have purposely availed himself of the privileges of conducting business in New York, so that it would be reasonable to anticipate being subject to suit in New York. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999). This test is designed to ensure that a defendant is not "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations omitted).

Under the clear pronouncements of the United States Supreme Court in *Calder, Burger King* and their progeny, it is impossible for this Court to assert jurisdiction over Snelborough. Plaintiff has failed to allege any facts that would permit this Court to find that Snelborough conducted business in the New York, derived income from New York, or had any business contacts with New York. As a result, Snelborough had absolutely no reason to anticipate being haled into a court in New York for employment-related events that plaintiff herself alleges took place

entirely within New Jersey. An assertion of personal jurisdiction over Snelborough by this Court would impermissibly be based upon 'random,' 'fortuitous,' or 'attenuated' non-business contacts. To do so would not be reasonable and fair, and would be a violation of the Due Process Clause of the Fourteenth Amendment.

## CONCLUSION

For the foregoing reasons, defendant Samuel Snelborough respectfully requests that the Court grant his motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

>FISHER & PHILLIPS LLP
>Attorneys for Defendants
>
>By:   /s/David E. Strand
>      DAVID E. STRAND (DS4129)
>      for FISHER & PHILLIPS LLP
>      430 Mountain Avenue
>      Murray Hill, NJ 07974
>      Telephone: (908) 516-1050
>      Facsimile: (908) 516-1051
>      Attorneys for Defendant Samuel Snelborough

Dated: September 2, 2008